UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RODNEY D. CAMPBELL, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:17-cv-226-JAR |
| KEITH MOORE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rodney D. Campbell for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $8.95. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $44.74. The Court will therefore assess an initial partial filing fee of $8.95, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal

construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the Minnesota Correctional Facility in Lino Lakes, Minnesota. The allegations in the complaint stem from events that occurred while plaintiff was being temporarily held in the Mississippi County Detention Center in Mississippi County, Missouri. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking monetary relief against Sheriff Keith Moore and Jail Administrator Cory Hutcheson. He sues both defendants in their official and individual capacities.

Plaintiff alleges that, on the morning of May 15, 2017, some of his fellow inmates approached him and asked him where he was from. Plaintiff replied that he was from Minnesota. The other inmates said they did not like people from out of town, and then assaulted him. Guards rushed in, took plaintiff out of the area, and led him to a cell in the booking area. Plaintiff waited in the holding cell "for at least an hour before [he] got any medical treatment." (Docket No. 1 at 5).

Plaintiff states that Moore and Hutcheson should be held "fully responsible" for their "failure to protect" him while he was "held in their custody until being picked up or transported out of their custody." *Id.*

## Discussion

Plaintiff does not specifically state whether he was a pretrial detainee or a convicted prisoner at the time in question. Assuming he was a pretrial detainee, his claims that defendants failed to protect him from inmate assault and provided inadequate medical care are analyzed

3

under the Fourteenth Amendment rather than the Eighth Amendment. However, because the Fourteenth Amendment affords pretrial detainees at least as great protection as that given to convicts under the Eighth Amendment, courts have consistently applied the Eighth Amendment deliberate indifference standard to pretrial detainee claims involving prison conditions or the denial of medical care. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014), *Butler v. Fletcher*, 465 F.3d 340, 344-45 (8th Cir. 2006). Prison condition claims include those based upon a failure to protect from harm from other inmates. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

The Court will first consider plaintiff's allegations that the defendants failed to protect him from harm from other inmates. To state a failure-to-protect claim under the Eighth or Fourteenth Amendment, a prisoner or detainee must allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by other inmates constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996).

In the case at bar, plaintiff does not allege that either Moore or Hutcheson were aware of facts from which they could infer plaintiff was at risk of being assaulted by other inmates. The Court therefore concludes that plaintiff fails to state a claim under the Eighth or Fourteenth Amendment. It is apparent that plaintiff bases his claims against Moore and Hutcheson upon their supervisory or administrative status. However, the theory of respondeat superior is not cognizable under § 1983. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 cases); *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)

(claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant).

The Court now addresses plaintiff's claims that he received inadequate medical care. To state a claim for inadequate medical care under the Eighth or Fourteenth Amendment, a prisoner or detainee must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). A claim of deliberate indifference involves both an objective and a subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). The plaintiff must demonstrate (1) that he suffered an objectively serious medical need, and (2) the defendant actually knew of but deliberately disregarded that need. *Id.* A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). Deliberate indifference may be found when prison officials intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104–05. When a delay in treatment is the alleged constitutional violation, however, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).

In this case, plaintiff does not allege that either defendant actually knew of but deliberately disregarded his serious medical need, as required to state a claim of constitutional dimension. *See Dulany*, 132 F.3d at 1239. In addition, while plaintiff states he had to wait for at least one hour before receiving medical treatment, he does not allege that Moore or Hutcheson intentionally caused the delay, nor does he allege that the delay had any detrimental effect. *See*

*Jackson*, 815 F.3d at 1120. The Court therefore concludes that plaintiff fails to state a claim of deliberate indifference to his serious medical needs. As above, it is apparent that plaintiff bases his claims against Moore and Hutcheson upon their supervisory or administrative status, and such claims are not cognizable in these proceedings. *See Boyd*, 47 F.3d at 968; *Martin*, 780 F.2d 1334.

Having carefully reviewed and liberally construed the complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $8.95 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of February, 2018.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE